IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stuart Moulder, Individually and as Personal Representative of the Estate of Bryn Moulder, | ) ) ) ) | C.A. No. 6:09-2212-HMH C.A. No. 6:09-2213-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Fluor Intercontinental, Inc., | ) ) | |
| Defendant. | ) ) | |
| Stuart Moulder, Individually and as Personal Representative of the Estate of Caroline Moulder, | ) ) ) ) | C.A. No. 6:09-2215-HMH C.A. No. 6:09-2216-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Fluor Intercontinental, Inc., | ) ) | |
| Defendant. | ) ) | |
| Stuart Moulder, Individually and as Personal Representative of the Estate of Darlene Moulder, | ) ) ) ) | C.A. No. 6:09-2214-HMH C.A. No. 6:09-2217-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Fluor Intercontinental, Inc., | ) ) | |
| Defendant. | ) ) | |

**OPINION & ORDER**

This matter is before the court for sua sponte review to determine whether subject matter jurisdiction exists in these cases. For the reasons set forth below, the court lacks subject matter

jurisdiction and remands these actions to the Court of Common Pleas for Greenville County, South Carolina.

## I. Factual and Procedural Background

On July 22, 2009, Plaintiff Stuart Moulder ("Moulder") filed the instant actions against Fluor International, Inc. ("Fluor") in the Court of Common Pleas, Greenville County, South Carolina. Fluor removed these actions to federal court on August 20, 2009, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In 2006, Moulder was an employee of Fluor, working on a construction project in Afghanistan. (Compl. ¶ 9.) The complaints allege that on July 26, 2006, Moulder's wife and children, Darlene, Caroline, and Bryn Moulder, were killed in a helicopter crash in Afghanistan while traveling to visit Moulder. (Id., Preliminary Statement.) The helicopter was operated by Tryco International, Inc. ("Tryco") pursuant to a subcontract between Fluor and Tryco. (Id. ¶¶ 10-13.) Moulder alleges a cause of action for negligence against Fluor.

## II. Discussion of Law

Federal courts are courts of limited jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"For the Court to have jurisdiction under [28 U.S.C.] § 1331, it must be clear from the face of a well-pleaded complaint that there is a federal question; the federal issue must exist as part of the plaintiff's cause of action." Discover Bank v. Vaden, 489 F.3d 594, 609 (4th Cir. 2007). A federal question is a claim "arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331. In the instant matters, the complaints allege a state law cause of action for negligence. Based on a review of the complaints, no federal question exists.

Moreover, even if the Plaintiff's negligence claim raises a federal issue, it is not a substantial federal issue. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. "[T]he absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." Id. at 318 (internal quotation marks omitted).

Moulder alleges that Fluor was negligent, in part, because it deviated "from the required actions and procedures of applicable aviation regulations." (Compl. ¶ 49 (Survival Actions); Compl. ¶ 48 (Wrongful Death Actions).) Moulder does not identify any specific aviation regulations. However, there is no private right of action for violations of Federal Aviation Administration ("FAA") regulations. Drake v. Laboratory Corp. of America Holdings, 458 F.3d 48, 57 (2d Cir. 2006). "Regulations alone cannot create private rights of action; the source of the right must be a statute." Buck v. American Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007).

The complaints allege that Fluor was negligent "in selecting and hiring Tryco," "in failing to ensure that Tryco was aware of the safety standards applicable to performance under the subcontract," "in failing to ensure that Tryco complied with the safety standards applicable to performance under the subcontract," "in the operation of the subject helicopter on the day of

3

the crash," "in the training of the crew members that were in command of the subject helicopter," "in failing to properly equip the subject helicopter," and "by deviating from the required actions and procedures of applicable aviation regulations." (Compl. ¶¶ 35, 37, 39, 46-49 (Survival Actions); Compl. ¶¶ 34, 36, 38, 45-48 (Wrongful Death Actions).) Moulder does not rely on a violation of a federal statute or regulation in the complaint. Further, Moulder alleges several alternative grounds to support his negligence claim. Moreover, to the extent he is relying on federal aviation regulations, reliance on violations of a federal statute or regulation to prove negligence does not establish federal question jurisdiction. In Grable, the United States Supreme Court discussed its earlier decision in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), in which the Court found that federal question jurisdiction was lacking where the defendant argued that a substantial federal issue existed because the plaintiff's "state tort claim rest[ed] in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law." Grable, 545 U.S. at 316. The Court noted that

> [a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." In this situation, no welcome mat meant keep out.

Id. at 319 (internal citations omitted). Basically, "if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of

cases." Id. at 318. In the instant case, the only arguable federal interest is that Fluor was negligent per se because they violated federal aviation regulations or requirements. However, this argument was expressly rejected in Merrell Dow. Further, numerous other courts have held that violations of federal aviation regulations are insufficient to raise a substantial federal issue. See XL Specialty v. Village of Schaumburg, No. 06 C 2299, 2006 WL 2054386, at *3 (N.D. Ill. Jul. 20, 2006) (unpublished) (finding that where plaintiff alleged negligence based on ten alternative theories, including alleged breach of a duty of care set forth in the FAA, defendant's reliance on FAA Advisory Circular as an alternate basis to supply a duty of care does not create a substantial federal question under Grable); Yarbrough v. Avco Corp., Civil No. 3:06-0730, 2006 WL 2946447, at *2 (M.D. Tenn. Oct. 10, 2006) (unpublished) (finding that products liability claims arising out of a plane crash did not implicate significant federal issues remanded where the FAA had certified the airworthiness of the aircraft); Wicksell v. Bombardier Corp., No. 06-61167 Civ., 2006 WL 3483472, at *4 (S.D. Fla. Oct. 6, 2006) (unpublished) (remanding products liability and negligence action arising out of a plane crash because "[a]lthough violation of federal law may constitute evidence of negligence under state law, the presence of such a federal issue has not been considered sufficiently 'substantial' to warrant the exercise of federal jurisdiction"); Glorvigen v. Cirrus Design Corp., No. 05-2137 (PAM/RLE), 05-2138 (PAM/RLE), 2006 WL 399419, at *3 (D. Minn. Feb. 16, 2006) (unpublished) (claims of negligence, breach of warranty, and products liability arising from plane crash remanded because "Congress failed to provide a federal cause of action and failed to preempt state remedies when enacting the FAA–strongly indicating that Congress did not intend to create a substantial federal question over cases implicating the FAA and FARs"); Sarantino v. American Airlines, Inc., No.

4:05MD1702 JCH, 2005 WL 2406024, at *5-6 (E.D. Mo. Sept. 29, 2005) (unpublished) (plaintiff's negligence claims arising out of a plane crash remanded for failing to present a federal question under Grable analysis); Johnson v. Precision Airmotive, LLC, 2007 WL 4289656, at *2-3 (E.D. Mo. 2007) (unpublished) (finding no significant federal interest in case alleging negligence and strict liability arising out of an airplane crash because "[u]nlike in Grable, defendants' compliance with federal regulation d[id] not constitute 'the only legal or factual issue contested in the case'" and "[a]ny violation of federal law serve[d] only as some evidence to support those state law claims").

The complaints in these actions at best allege "a possible violation of a federal" regulation as an element of a negligence cause of action. Sarantino, 2005 WL 2406024, at *6. Based on the foregoing, there is no substantial federal interest at stake and, accordingly, this court lacks jurisdiction over these cases on the basis of federal question.

Further, although these cases meet the diversity requirements of 28 U.S.C. § 1441(a), they were not removable to federal court on the basis of diversity jurisdiction. A federal court's diversity jurisdiction over removed actions is narrower than over diversity suits generally. Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Under 28 U.S.C. § 1441(b), if an action is removed on the basis of diversity jurisdiction, the case will only be removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "The barrier to removal comes only from § 1441(b) which precludes removal where a properly joined and served defendant is a resident of the forum state." Clawson v. FedEx Ground Package System, Inc., 451 F. Supp. 2d 731, 736 (D. Md. 2006). Fluor is a citizen of South Carolina because its principal place of business is located in South Carolina.

(Compl. ¶ 2.) Therefore, Fluor could not have removed these actions on the basis of diversity jurisdiction. Based on the foregoing, the court lacks subject matter jurisdiction.

Therefore, it is

**ORDERED** that these cases are remanded to state court. The court instructs the Clerk of Court to remand these actions to the Court of Common Pleas of Greenville County, South Carolina.

**IT IS SO ORDERED.**

                                      s/Henry M. Herlong, Jr.
                                      Senior United States District Judge

Greenville, South Carolina
August 24, 2009